UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
UNITED STATES OF AMERICA,

    Plaintiff,

**REPORT AND RECOMMENDATION**

  - against -

96 CV 4720 (CBA)

DAVID D. KADOCH,

    Defendant.
--------------------------------------------------------------X

On September 25, 1996, plaintiff, the United States of America ("the government"), filed this action against David D. Kadoch, a\k\a "Daniel Kadoe, D.D.S." ("defendant"), seeking to recover amounts due as a result of defendant's alleged unpaid student loans. By Notice of Motion dated August 11, 2011, the government now moves for summary judgment on its claims. The district court has referred the government's motion to the undersigned to prepare a Report and Recommendation.

## DISCUSSION

The government moves for summary judgment on its claim that Mr. Kadoch defaulted on four $5,000 loans from the American Savings Bank in New York, N.Y., which were guaranteed by the New York State Higher Education Services Corporation ("NYSHESC"). (See Iannarone Aff.[1] ¶¶ 13-14). Mr. Kadoch, proceeding pro se, challenges the government's motion, claiming that the four loans at issue here were paid off in full pursuant to an agreement he entered into

---

[1] Citations to "Iannarone Aff." refer to the Affirmation of Dolores M. Iannarone in support of the government's Motion for Summary Judgment, filed August 11, 2011.

1

with the government. (Def.'s 4/7/11 Resp.[2] at 2). On September 20, 2011, this Court held a hearing on the government's motion. The pro se defendant appeared at the hearing and submitted additional documentation in opposition to the government's motion.

In the course of preparing the Report and Recommendation, the Court has determined that there are several procedural defects in the plaintiff's papers. Specifically, it does not appear as though the government served defendant with the requisite Notice to Pro Se Litigants, required by Local Civil Rule 56.2. In addition, the government also failed to file a 56.1 Statement of undisputed material facts as required by Local Civil Rule 56.1(a). Although the Court explained the concept of summary judgment at the September 20, 2011 conference, outlining defendant's obligations in responding to plaintiff's motion, and even though from his submissions it appears that the defendant understood his obligations, there is no good reason why the government did not comply with its responsibility to serve the requisite Notice to Pro Se Litigants under the Local Rule.

However, the government's failure to properly file a Local Rule 56.1 Statement of Undisputed Facts with numbered paragraphs has made it impossible for the defendant to assert a line by line response. Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in

---

[2]Citations to "Def.'s 4/7/11 Resp." refer to Mr. Kadoch's "reply to plaintiff affirmation," filed April 7, 2011.

2

arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). The Rule further requires that the statement of undisputed facts contain citations to admissible evidence supporting each asserted material fact. Local Rule 56.1(d); see Giannullo v. City of New York, 322 F.3d at 143 (reversing the district court's grant of summary judgment because there was insufficient evidence in the record to support certain critical assertions in the moving party's statement of material facts); see also Watt v. New York Botanical Garden, No. 98 CV 1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000).

The party opposing a motion for summary judgment is also required to submit a counter-statement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial. See Local Rule 56.1(b). Under the Local Rule, "[i]f the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." Giannullo v. City of New York, 322 F.3d at 140 (citing Local Rule 56.1(c)). Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts. See, e.g., Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000) (affirming grant of summary judgment based on plaintiff's failure to submit a statement pursuant to Rule 56.1); Sawyer v. Wight, 196 F. Supp. 2d 220, 225 (E.D.N.Y. 2002) (noting that "[t]he Second Circuit permits District Courts to grant summary judgment to moving parties on the basis of their uncontroverted

56.1 Statements").

In the instant case, the government failed to file a Rule 56.1 Statement of Material Facts in support of its motion for summary judgment. That failure alone would justify denial of the government's motion. Local Rule 56.1(a); see also MSF Holding Ltd. v. Fiduciary Trust Co., Inter., 435 F. Supp. 2d 285, 304-305 (S.D.N.Y. 2006) (denying defendant's motion for summary judgment for failure to submit a 56.1 statement); Searight v. Doherty Enterprises, Inc., No. 02 CV 0604, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (denying motion for summary judgment for failure to submit a 56.1 statement). However, district courts are given "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001); Healthfirst, Inc. v. Medco Health Solutions, Inc., No. 03 CV 5164, 2006 WL 3711567, at *5 (S.D.N.Y. Dec. 15, 2006). Where parties fail to file Rule 56.1 statements of fact, the court may choose to accept all factual allegations of the opposing parties as true for the purposes of deciding the motion for summary judgment, or may alternately "opt to conduct an assiduous review of the record." Id. (internal quotations and citations omitted); see also Sawyer v. Wight, 196 F. Supp. 2d at 225 (noting that where Rule 56.1 has not been properly followed, courts "may discretionarily choose to search the record of their own accord") (citations omitted).

While ordinarily this Court might opt to issue a Report and Recommendation based on a detailed review of the parties' papers and supporting documentation, the Court's task is complicated by the fact that here, the government submitted a number of exhibits in support of its motion for which it provides little or no explanation. For example, as Exhibit J to its

4

Affirmation in Reply, the government submitted an August 13, 2008 letter from the Law Offices of Mullen and Iannarone, P.C. to David Kadoch. (See Iannarone Reply,[3] Ex. J). The letter references this case number, 96 CV 4720, and appears to be an offer of settlement with a proposed settlement agreement attached. (Id.) The Court notes that while the agreement is not signed by the defendant, its proposed terms are similar to those agreed to in the prior case involving Mr. Kadoch's default on his other student loans. (See Def.'s 4/7/11 Resp., Ex. K). They are also consistent with defendant's claim that he settled all of his loan debts, including those that are the subject of this lawsuit, through an agreement with the government. Counsel for the government has not explained the relevance of this letter and proposed agreement, except to say that the correspondence supports their contention that their "office has been in communication with the defendant with the matter now before this Court since 1996." (Iannarone Reply ¶ 9). In order for the Court to fairly assess both the government's claims and Mr. Kadoch's defenses, the government needs to provide a further explanation of Exhibit J and the other documentation attached as exhibits to the government's motion papers.

Particularly in light of the pro se status of the defendant, and given the numerous factual disputes that have arisen in this case, as reflected in the parties' submissions, the Court respectfully recommends that plaintiff's motion for summary judgment be denied without prejudice to re-file in accordance with the Federal Rules and the Local Rules. While Local Rule 56 and Rule 56(e) of the Federal Rules of Civil Procedure permit the Court to overlook certain

---

[3] Citations to "Iannarone Reply" refer to the government's Affirmation in Reply, filed August 11, 2011.

5

defects in parties' compliance with the procedural rules, where as here, the case involves a pro se litigant, the requirement that the moving party prepare a statement of undisputed facts is particularly important so that the pro se litigant understands what factual assertions he is to respond to. See Fed. R. Civ. P. 56(e); Holtz v. Rockefeller & Co., Inc., 258 F.3d at 73; Healthfirst, Inc. v. Medco Health Solutions, Inc., 2006 WL 3711567, at *5.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 17, 2012

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York